UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 5:14-cr-38-JMH-EBA |
| | ) | 5:15-cv-360-JMH-EBA |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MATTHEW ASA BRAMLEY, | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*

Matthew Bramley, acting *pro se*, has moved the Court to vacate his sentence pursuant to 28 U.S.C. § 2255. [DE 83]. The Court, after reviewing the motion under Rule 4(b),[1] Rules Governing Section 2255 Proceedings, determines that Bramley is not entitled to any relief. The motion shall be denied. *Campbell v. U.S.,* No. 92-1385, 1992 WL 289584, at \*1, 977 F.2d 580 (6th Cir. 1992)(citing *United States v. Sanders,* 723 F.2d 34, 35-36 (8th Cir. 1983) (per curiam))("Generally, a motion to vacate may be summarily denied pursuant to Rule 4(b), Rules Governing § 2255 Proceedings, if it appears from the motion that petitioner is not entitled to relief.").

---

[1] Rule 4(b) provides in pertinent part as follows: "Initial Consideration by the Judge. The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

The gist of Bramley's motion to vacate is that his counsel was ineffective for various reasons. His allegations are wholly refuted in their entirety by his plea agreement [DE 49], the pertinent parts of which are set out below.

> 1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 2, 3 and 4 of the Superseding Indictment, charging violations of 21 U.S.C. § 846, Conspiracy to Distribute Oxycodone, 21 U.S.C. § 84 1(a)(1), Possession with Intent to Distribute Oxycodone, and 18 U.S.C. § 924 (c)(1), Carrying a Firearm During and in Relation to a Drug Trafficking Offense. The Defendant will also agree to forfeiture of all the assets listed in the Forfeiture Allegation. Pursuant to Rule 11 (c)(1)(A), the United States will move at sentencing to dismiss Count 1 of the Superseding Indictment and the original indictment.
>
> 2. The essential elements of Count 2 are as follows:
>
>> (a) that two or more persons agreed to distribute oxycodone, a Schedule II controlled substance, and
>>
>> (b) that at some time during the existence of the agreement, the Defendant knew the purpose of the agreement, and then deliberately joined the agreement.
>
> The essential elements of Count 3 are as follows:
>
>> (a) that the Defendant possessed with intent to distribute oxycodone, a Schedule II controlled substance, and
>>
>> (b) that he did so knowingly and intentionally.
>
> The essential elements of Count 4 are as follows:
>
>> (a) that the Defendant committed the crime charged in Count 3, for which he may be prosecuted in a court of the United States,

2

>   (b) that the Defendant possessed the firearm, and
>
>   (c) that the possession of the firearm was during and in relation to the drug trafficking crime as charged in Count 3.

3. As to Counts 2 - 4, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

>   (a) From October 2013 until February 2014, agents with the Kentucky State Police (KSP) and the Federal Bureau of Investigation (FBI) were making controlled purchases of oxycodone from the Defendant and his co-Defendants. A total of eight controlled purchases, utilizing a confidential informant, were conducted by law enforcement in Estill County, which is in the Eastern District of Kentucky.
>
>   (b) On October 26, 2013, December 18, 2013, and January 15, 2014, controlled purchases of oxycodone totaling 70 pills were made from one or both of the co-Defendants. The Defendant admits supplying these pills to the co-Defendants.
>
>   (c) On February 4, 2014, law enforcement conducted a controlled purchase of 101 oxycodone pills from the Defendant himself.
>
>   (d) On May 16, 2014, the Defendant was located in Montgomery County, in the Eastern District of Kentucky, and arrested on the original indictment warrant. The Defendant had 226 oxycodone 30 milligram pills in his possession and he admits that the pills were intended for distribution. The Defendant also had in his possession a North American Arms .22 caliber revolver. The Defendant admits that his possession of the firearm was during and in relation to the drug trafficking crime set forth in Count 3.

The plea agreement went further to explain the penalties Bramley was facing:

3

> 4. The statutory punishment for Counts 2 and 3 is imprisonment for not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of not less than 3 years. The statutory punishment for Count 4 is imprisonment for not less than 5 years and not more than life imprisonment, consecutive to the term of imprisonment for Counts 2 and 3, a fine of not more than $250,000 and a term of supervised release of not more than 5 years. A mandatory special assessment of $100 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the sentencing hearing.

If paragraph 4 of the plea agreement was not sufficient to demonstrate that Bramley was fully aware that he was facing a consecutive mandatory minimum sentence of five years or sixty months, paragraph 5(d) made it clear that he was:

> 5. (d) Pursuant to U.S.S.G. § 2K2.4(b), the guideline sentence for Count 4 is the minimum term of imprisonment required by statute (60 months) consecutive to the term of imprisonment for Counts 2 and 3.

The concluding paragraph of the plea agreement provides the following:

> 15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

The plea agreement was signed by the defendant. As per the Court's practice, Defendant swore that this was his signature and that this was his plea agreement.

4

Accordingly, **IT IS ORDERED** herein as follows:

(1) That Defendant's motion to vacate sentence [DE 83] be, and the same hereby is, **DENIED**;

(2) That no certificate of appealability issue;

(3) That the Court's Order dated March 21, 2016 [DE 86] and the one dated May 17, 2016 [DE 88] be, and the same hereby are, **SET ASIDE AND HELD FOR NAUGHT**.

A separate judgment shall issue.

This the 18th day of May, 2016.



Signed By:
**_Joseph M. Hood_**
Senior U.S. District Judge